## Case No. 12,483d.

### SCHUCHARDT v. The ANGELIQUE.

[N. Y. Times, May 14, 1857.]

Circuit Court, S. D. New York. May 13, 1857.

MARITIME LIENS—PRIORITY—LIEN BY STATE LAW —REVIEW OF DECREE OF DISTRIBUTION.

[1. In admiralty, maritime liens, although subsequently created, have priority over a mortgage duly recorded.]

[2. No difference will be made in the enforcement of maritime liens between those created by state statute and those given by the general maritime law.]

[3. The circuit court will not review, upon petition, a decree of the district court distributing the proceeds from the sale of a vessel under decrees for sale procured by holders of maritime liens, when the purpose of the petition is to set up a priority over these liens, by one who declined to appear as claimant in the original suits.]

In this matter, as will be recollected, some fifty or sixty libels were filed by material men, passengers, and others against the vessel, and decrees entered in many of them against her. The vessel was sold, and the proceeds brought into court. A libel was then filed by Schuchardt and Gebhard against one-half of the proceeds, claiming to be entitled to the same as mortgagees of one-half of the vessel, in preference to all others. Their claim was carried to the supreme court at Washington, and the decrees of the district and circuit courts, dismissing the libel of Schuchardt and Gebhard with costs [Cases No. 12,483a and 12,483c] was there affirmed [19 How. (60 U. S.) 239], that court holding that the only way they could have come in was by opening the decrees in the district court, or by petition. The Ocean Material Association Company thereupon filed a petition in this court, claiming to be subrogated to the rights of Schuchardt and Gebhard, and asking that the court proceed to examine the matter, and decree that they were entitled to one-half of the proceeds in court.

Mr. Hamilton, for petitioners.

Benedict, Burr & Benedict, in opposition.

The matter coming up before the court this morning, NELSON, Circuit Justice, said that argument of the petition was unnecessary, as he should hold the law to be that a maritime lien which attached to the rem was entitled to a preference over a mortgage, although the mortgage had been duly recorded; that no difference would be made between a lien given by a maritime law and one given by the local law of the state, if the latter was one of which a court of admiralty would take cognizance; that the lien creditors having obtained decrees in the circuit court, this court would not review the decree upon a petition filed in the circuit court; that this would dispose of the petition, and accordingly the application of the petitioners must be dismissed.